IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2015 JAN 23  PM 4:32
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
          DEPUTY

MUNIR AHMAD,
        Plaintiff,

-vs-                                       Case No. A-14-CA-1101-SS

ZT GROUP INT'L, INC.; FRANK D. CHANG;
JEFFREY WORTH; LISA BORTZ; JOHN
WOO; and DOUGLAS HUANG,
        Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants' Motion to Transfer Venue [#2], to which Plaintiff has not responded. Having considered the documents, the file as a whole, and the governing law, the Court enters the following opinion and orders GRANTING the motion and TRANSFERRING the case to the United States District Court for the District of New Jersey.

### Background

On September 29, 2014, Defendant ZT Group Int'l, Inc. (ZT), a New Jersey-based corporation, filed a lawsuit against former New Jersey-based employee Munir Ahmad in the United States District Court for the District of New Jersey (the New Jersey Action). *See* Mot. Transfer [#2-2] Ex. 1 (NJ Compl.). In the New Jersey Action, ZT alleges Ahmad breached two contracts with ZT that he executed in the context of his employment with ZT. *Id.* ¶¶ 21–38. In his Answer filed in the New Jersey Action, Ahmad contends ZT breached its contract with

Ahmad and asserted ZT's claims were "barred in whole or in part by preemption by federal employment discrimination or other law." Mot. Transfer [#2-4] Ex. 3 (Ahmad Answer) at 3, 2.

On November 12, 2014, approximately six weeks later, Ahmad filed his own lawsuit in the District Court of Texas, Travis County (the Texas Action), alleging ZT breached its employment contract with Ahmad and that ZT engaged in employment discrimination in violation of federal and New Jersey law. *See* Notice Removal [#1-1] Ex. A-1 (Texas Orig. Pet.) ¶¶ 23–25, 29–32. On December 12, 2014, Defendants removed the case to this Court and filed a motion to transfer the Texas Action to the District of New Jersey pursuant to one of three grounds: (1) the first-to-file rule; (2) 28 U.S.C. § 1404(a); or (3) Title VII's mandatory venue provision.

## Analysis

As an initial matter, the Court notes Ahmad has failed to respond to Defendants' Motion to Transfer Venue, filed on December 12, 2014, and therefore the Court grants Defendants' motion as unopposed. *See* Local Rule CV-7(e)(2). Nevertheless, the Court briefly addresses the merits of the motion.

### I.   Legal Standard—First to File Rule

The Fifth Circuit adheres to the "first-to-file rule," which states "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir.1999). This rule "maximize[s] judicial economy and minimize[s] embarrassing inconsistencies" by permitting a district court to "prophylactically refus[e] to hear a case raising issues that might substantially duplicate those raised by a case pending in another court."

*Id.* at 604.

The first-to-file rule not only determines which court may decide the merits of substantially similar issues but also establishes which court may decide whether the second suit filed must be dismissed, stayed, or transferred and consolidated. Under Fifth Circuit precedent, "the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir.1997). In other words, "[i]n the absence of compelling circumstances the court initially seized of a controversy should be the one to decide whether it will try the case." *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir.1971).

Thus, the "crucial inquiry" for the court in which the later case was filed is whether there is "substantial overlap" between the two actions. *Save Power*, 121 F.3d at 950. "The rule does not require the cases to be identical." *Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 678 (5th Cir.2011). Instead, "once the likelihood of substantial overlap between the two suits" has been demonstrated, it is no longer up to the court in the second-filed case to resolve the question of whether both should be allowed to proceed; rather, that authority belongs to the court in the first-filed case. *Mann Mfg.*, 439 F.2d at 408; *Cadle*, 174 F.3d at 606 ("[O]nce the district court found that the issues might substantially overlap, the proper course of action was for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed.").

## II. Application

After reviewing and comparing ZT's complaint in the New Jersey Action and Ahmad's petition in the Texas Action, the Court concludes Defendants have met their burden and shown

a likelihood of substantial overlap between the two cases. In the former, ZT alleges it offered Ahmad a job in its New Jersey facility, and as part of its employment offer, ZT offered Ahmad (1) a one-time relocation bonus of $50,000, and (2) a one-time sign-on bonus of $35,000. NJ Compl. ¶¶ 6–8. Under both bonus contracts, Ahmad agreed that if his employment terminated less than thirteen months from his hire date, then he must fully repay the bonuses to ZT. *Id.* ¶ 10. Ahmad ultimately accepted the job offer and the bonuses, but voluntarily resigned from ZT after nine months. *Id.* ¶¶ 12–13. Ahmad, however, has refused to repay the bonuses. *Id.* ¶ 19. His refusal prompted ZT's lawsuit in the District of New Jersey, asserting breach of the bonus agreements and unjust enrichment. *Id.* at 3–6. Ahmad filed an Answer and asserted, among other defenses, ZT's actions implicated federal employment discrimination laws, and ZT had breached an unidentified contract. Ahmad Answer at 3, 2.

In the Texas Action, Ahmad details in his petition his successful career as an information technology specialist and his employment with Dell from 2006 until ZT's recruitment to join it in New Jersey. Orig. Pet. ¶¶ 8–10. According to Ahmad, he ultimately agreed to join ZT as he understood it would mean a career promotion to the position of "Principal System Engineer" and the potential for periodic executive bonuses. *Id.* ¶ 13. Yet Ahmad alleges after he joined ZT, he was assigned tasks below his experience level and was then demoted without cause or explanation. *Id.* ¶ 17. Ahmad provides a list of decisions and actions of Defendants ZT, Frank Chang,[1] Jeffrey Worth, Lisa Bortz, John Woo, and Douglas Huang, which "shocked" Ahmad and which ultimately formed the basis for his lawsuit. Id. The conduct included: (1) unsuitable work

---

[1] Defendants indicate Ahmad inaccurately sued "Frank D. Chang" when the individual's name is actually "Frank D. Zhang."

assignments for his position (¶¶ 17(a)–(c)); (2) racial discrimination between Ahmad, a Muslim from Bangladesh, and the other employees of Chinese descent, especially as it came to office space and bonuses (¶¶ 17(d)–(f)); and (3) his complaints to human resources and the retaliation in the form of a demotion (¶¶ 17(f)–(i)).

These two cases likely substantially overlap for a variety of reasons, including: (1) both cases involve the same actors (Ahmad, ZT, and ZT employees); (2) both cases arise from the same alleged agreements between Ahmad and ZT; (3) both cases concern the terms and conditions of Ahmad's hire and employment with ZT; (4) both cases involve Ahmad's contention ZT engaged in employment discrimination; and (5) both cases involve Ahmad's contention ZT breached its contract. Moreover, all of the individual defendants Ahmad sues were ZT employees during Ahmad's tenure with ZT. In short, if Ahmad's lawsuit proceeded here in Texas, this Court would address some issues identical to those at stake in the New Jersey Action.

## Conclusion

The parties' disagreement revolves around Ahmad's employment with ZT and how it went wrong. ZT filed a lawsuit in the United States District Court for the District of New Jersey regarding this dispute approximately six weeks before Ahmad filed his own action concerning the same events in Texas state court, which ZT removed to this Court. Under these circumstances, the first-to-file rule gives the Court discretion to transfer the Texas Action to the District of New Jersey to avoid duplicative litigation. The Court sees no reason not to transfer the case, and Ahmad, considering he has failed to respond to the motion to transfer, has not

provided the Court with one. Because transfer is appropriate under the first-to-file rule, the Court need not address Defendants' other two grounds for transfer.

Accordingly,

IT IS ORDERED that Defendants' Motion to Transfer Venue [#2] is GRANTED;

IT IS FINALLY ORDERED that the Clerk shall transfer this case to the United States District Court for the District of New Jersey.

SIGNED this the 23rd day of January 2015.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE